IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| RODERRETTE DEWRAYNE MCCLURE | § | |
| VS. | § | CIVIL ACTION NO. 9:14cv57 |
| UNITED STATES OF AMERICA | § | |

ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Roderrette Dewrayne McClure, an inmate confined in the Federal Bureau of Prisons, proceeding *pro se*, brought this Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. After appointing counsel and conducting an evidentiary hearing in this matter, the Magistrate Judge recommended denying the motion to vacate.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, transcripts, and pleadings. Movant filed objections to the Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes movant's objections should be overruled. The Magistrate Judge's recommendation was based on his determination that movant had failed to show either deficient performance or prejudice with respect to counsel's performance. Accordingly, the Magistrate Judge determined movant's plea was voluntary, and his claims should be denied.

To establish ineffective assistance of counsel in the context of a guilty plea, a defendant must demonstrate (1) that his attorney's performance fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's errors, defendant would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 56-59, 106 S.Ct. 366, 369-70, 88 L.Ed.2d 203 (1985). When assessing prejudice, the Court considers the

totality of the circumstances, including, but not limited to, the defendant's evidence to support his assertion he would have proceeded to trial, his likelihood of success at trial, and the risks he faced at trial. *See United States v. Batamula*, 823 F.3d 237, 240-41 (5th Cir. 2016); *United States v. Kayode*, 777 F.3d 719, 725 (5th Cir. 2014).

Movant first objects to the Report asserting that counsel's performance was deficient. Movant contends counsel's conclusion that the plea agreement in the Lufkin case covered both the Lufkin and Tyler cases was objectively unreasonable.[1] While counsel's understanding of the parameters of the Lufkin plea agreement ultimately may have been incorrect, the Court is in agreement with the Magistrate Judge that, given the particular facts and circumstances in this case, counsel's determination was not objectively unreasonable. Accordingly, movant has failed to show deficient performance on the part of counsel, and is entitled to no relief.

Additionally, movant contends counsel's allegedly deficient performance was prejudicial. Movant, however, has failed to show he was prejudiced by counsel's allegedly deficient performance. Movant has failed to show a reasonable probability that but for counsel's alleged errors he would have pleaded not guilty and proceeded to trial. As the Magistrate Judge observed, movant pleaded guilty in each of his eight prior criminal convictions, and movant pleaded guilty in the Tyler case which he claims is a breach of the Lufkin plea agreement for which he should not have been prosecuted. The Court is of the opinion that the greater weight of credible evidence indicates movant would not have proceeded to trial. Movant's current claims otherwise are not persuasive. Additionally, movant has failed to show he was likely to succeed at trial given the overwhelming evidence against him in the underlying Lufkin case. Further, had movant rejected the plea agreement and proceeded to trial, movant faced a substantial increase in his possible term of imprisonment.

---

[1] A review of movant's appeal in the Tyler criminal case, however, reveals that when arguing the Tyler prosecution constituted a breach of the Lufkin plea agreement, movant argues "[n]ot only is the conclusion reached by Mr. McClure and his counsel in the Lufkin case one which is factually reasonable, it is also one that prior decisions of this Court and others instruct." *See United States v. McClure*, No. 15-41641, Appellant's Brief at 20. It is noted movant is represented by different counsel in the two matters.

2

Accordingly, when considering the totality of the circumstances involved in this case, movant has failed to show he was prejudiced.

As set forth above, movant has failed to show counsel's performance was either deficient or prejudicial. Therefore, movant's plea of guilty was knowing and voluntary, and his motion to vacate, set aside or correct sentence should be denied.

Furthermore, movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, movant has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the movant are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, movant has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

## O R D E R

Accordingly, movant's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

So **ORDERED** and **SIGNED** this **12** day of **November, 2016.**

_____
Ron Clark, United States District Judge